IN THE UNITED STATES COURT OF APPEALS
                        FOR THE FIFTH CIRCUIT

                        _____

                            No. 95-40419
                          Summary Calendar
                        _____


PERRY J. HAGGERTON,

                                        Petitioner-Appellant,

versus

BOARD OF PARDONS AND PAROLE,

                                        Respondent-Appellee.


                        - - - - - - - - - -
            Appeal from the United States District Court
                  for the Eastern District of Texas
                        USDC No. 9:94-CV-235
                        - - - - - - - - - -
                          January 31, 1996
Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Petitioner requests a certificate of probable cause to

appeal the district court's dismissal of his federal habeas

petition for failure to exhaust his state habeas remedies.  The

district court did not abuse its discretion in construing

Haggerton's petition under 28 U.S.C. § 2241 because Haggerton

does not contest the legality of his conviction or the validity

of his initial sentence.  See United States v. Cleto, 956 F.2d

83, 84 (5th Cir. 1992)("motion to vacate or correct" should have

---

     [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

been filed as § 2241 motion as inmate challenged execution of sentence rather than validity of conviction); Story v. Collins, 920 F.2d 1247, 1250 (5th Cir. 1991)(jurisdiction over state prisoner's good conduct claim is based on § 2241 rather than § 2254).

The issuance of a CPC is unnecessary to establish appellate jurisdiction because the detention complained of, revocation of parole, does not arise out of process issued by a State court. See 28 U.S.C. § 2253. Therefore, the petitioner's motion for CPC is DENIED as unnecessary.

Although § 2241 contains no exhaustion requirement, this court requires that a petitioner seeking relief under § 2241 first exhaust his state remedies. See § 2241(c)(3); Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir.), cert. denied, 484 U.S. 956 (1987). Because the record does not indicate that the petitioner has exhausted his state habeas remedies, the district court did not abuse its discretion in dismissing petitioner's § 2241 petition to allow him to pursue his state habeas remedies. See Richardson v. Procunier, 762 F.2d 429, 431-32 (5th Cir. 1985).

AFFIRMED.